**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling

**SERGIO MANUEL LARA SUAREZ,**

        Petitioner,

v.                              **CIVIL ACTION NO. 5:23-CV-8**
                                     Judge Bailey

**WARDEN WOLFE FCI GILMER,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 11, 2023, the *pro se* petitioner, Sergio Manuel Lara Suarez ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On January 30, 2023, petitioner paid the $5 filing fee. [Doc. 8]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits. On February 24, 2023, respondent filed a Motion to Dismiss. [Doc. 12]. On February 27, 2023, the undersigned issued a **Roseboro** notice [Doc. 14], informing petitioner of his right to respond within twenty-one days. To date, over a month later, petitioner has not filed a response to the Motion. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and the petition be denied and dismissed with prejudice.

1

## II. BACKGROUND[1]

### A. Conviction and Sentence

On September 12, 2018, petitioner was charged in a multi-count indictment in the District of Massachusetts. On February 25, 2019, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A); two counts of aiding and abetting possession with intent to distribute and distribution of fentanyl and heroin in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; possession with intent to distribute and distribution of (a) 40 grams or more of fentanyl and (b) heroin in violation of 21 U.S.C. § 841; and four counts of possession with intent to distribute and distribution of 40 grams or more of fentanyl. On May 16, 2019, petitioner was sentenced to a total term of 57 months imprisonment.

Petitioner did not file an appeal. According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is June 6, 2023.

### B. The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner alleges, first, that the BOP is not giving him credit for time before his sentencing in which he was being held in state custody. Second, petitioner alleges that he is being denied FTC time credits because he is listed as having a detainer. Construing the *pro se* petition broadly, petitioner is presumably seeking application of

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **USA v. Lara-Suarez et al**, 1:18-CR-10318-IT-1 (D. Ma. 2018) . **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

time credits as set forth in the First Step Act, specifically 18 U.S.C. § 3632(d)(4).  For relief, he asks this Court to order the BOP to recalculate his sentence and to award him time credits.

### III.  LEGAL STANDARDS

#### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982); **Mims v. Kemp**, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

#### B.  Motion to Dismiss for Failure to State a Claim

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)."  **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all

doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

### IV. ANALYSIS

Upon review, the undersigned finds that petitioner has failed to state a claim upon which relief can be granted.  First, turning to petitioner's first Ground, the undersigned

finds that petitioner is has failed to allege that he is entitled to any additional credit. Petitioner's federal sentence commenced on May 20, 2019, when he was released from state custody to federal jurisdiction. Petitioner contends that he should receive credit for time prior to that when he was in state custody. The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The time petitioner spent in state custody, from his arrest on August 24, 2018, until his sentencing in the Essox County case on May 17, 2019, just under nine months, was credited toward his state sentence when that sentence was deemed served the same day. *See* [Doc. 13-1 at 2]. Accordingly, petitioner received credit for this time toward another sentence, and under 18 U.S.C. § 3585(b) he is not entitled to have it applied toward his federal sentence. The Court further notes that, since the filing of defendant's motion, the judge in petitioner's underlying criminal case filed a letter in response to the BOP's inquiry on this matter which confirmed "[t]o the extent Defendant is seeking credit for time spent in state custody, neither the docket nor the Presentence Report supports that request. As acknowledged [in] the Defendant's Sentencing Memorandum [ECF No. 80], the time in state custody was for an unrelated offense and, accordingly is not counted towards the federal sentence." **USA v. Lara-Suarez et al**, 1:18-CR-10318-IT-1 (D. Ma. 2018).

Second, as to petitioner's claim that he is entitled to credits under the First Step Act, the undersigned finds that petitioner has failed to state a claim upon which relief can be granted. Under 18 U.S.C. § 3632, a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn time credits. 18 U.S.C. § 3632(d)(4)(A). However, under § 3632(d)(4)(D), "Ineligible Prisoners," a prisoner is ineligible to receive time credits if the prisoner is serving a sentence for a conviction under any of a number of provisions set forth in that section. This includes § 3632(d)(4)(D)(lxvi):

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi). As set forth above, petitioner was convicted conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl under 21 U.S.C. § 841(b)(1)(A). Accordingly, petitioner is ineligible to receive time credits under § 3632 and this ground should be dismissed for failure to state a claim.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 12**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 6, 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE